**Ann Austin MACDONALD**

v.

**James Roger MACDONALD.**

Supreme Judicial Court of Maine.

Argued May 9, 1989.
Decided June 1, 1989.

Ellyn Ballou (orally), South Freeport, for plaintiff.

Justin W. Leary (orally), Robert A. Laskoff, P.A., Lewiston, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

COLLINS, Justice.

James Roger Macdonald brings an appeal from the judgment of the Superior Court (Cumberland County, *Cleaves, J.*) dividing as marital property his portion of the appreciation of the family car dealership. He also contests the court's award of alimony. We affirm the judgment.

This is the second time this divorce case has been before us on appeal. In *Macdonald v. Macdonald*, 532 A.2d 1046 (Me. 1987), we determined that profits from a nonmarital car dealership owned by James Macdonald and his brother were marital income, despite their reinvestment in the family business. *Id.* at 1048.

 We remanded for the Superior Court to determine the extent to which the increase in value of the non-marital car dealership was attributable to marital effort and thus was marital property, and to reexamine and readjust "as necessary" the alimony award and the distribution of property. *Id.* at 1050. On remand, the court determined that the entire increase in value of the dealership was attributable to marital effort and was marital property. Ann Macdonald was awarded one-half of James' share of the increased value. We find no error in the court's determination that the increase in value was marital property and no abuse of discretion in its allocation.

James Macdonald further challenges the court's award of alimony. On remand, the court considered the original award of alimony and determined that amount was proper. The court has considerable discretion in regard to alimony. *Cushman v. Cushman*, 495 A.2d 330 (Me. 1985). The court acted within its discretion in retaining the alimony award.

The entry is:

Judgment affirmed.

All concurring.